Disney, J., Jconcurring: I can concur in the result reached in this case, but can not agree with all that is said in reaching that result. The majority opinion appears to consider the result in the Ayer case “as now reestablished” due to the Commissioner’s acquiescence (later withdrawn), the decision in the Stuart case, and “retroactive legislative repeal” thereof by section 134 of the Revenue Act of 1943. As I view the matter, the result in the Ayer case has never been reestablished, but the basis for decision in this matter is purely statutory under section 134. So far as the Stuart case holds erroneous our conclusion in the Ayer case, it continues to be erroneous and is no authority on that point. The authority is section 134. That statute compels a result opposite from that reached in the Stuart case so far as concerns possible use of trust funds for support of trustor’s minor children and appears to command such opposite result whether the matter be viewed under section 167 or section 22 (a). Resort to, or reestablishment of, the Ayer case seems on that point therefore unnecessary. Moreover, that case seems, in any event, even if considered reestablished, to render no assistance with reference to the application of section 22 (a) to possible use of trust funds for trustor’s minor children, for such facts are not even mentioned in the discussion of section 22 (a). Consideration of that section seems to be limited to other elements, particularly that of broad powers of management. If we should consider that section 22 (a) was by the Ayer case considered as applied to the facts as to possible use of trust funds for minor children, we must note that the opposite result was reached in Whiteley v. Commissioner, 120 Fed. (2d) 782, which holds that if trust income is subject to direction by the father, the trustor, to the support of his minor children, such trust income is taxable to him under section 22 (a) as well as 167, though in fact not so applied. In this respect, therefore, resort to the Ayer case or to the result therein does not seem to be in order.[1] We merely apply section 134 as denying taxation to the trustor, whether under section 22 (a) or section 167, because of possible use of trust funds for his minor children. Further, the new statutory rule is applicable only to years beginning after December 31, 1942. unless a certain showing is made in order to apply it to earlier years, to wit, a showing in effect that consent has been filed that the trust will pay the tax. Unless the trustor is, within the terms of section 134. taxable upon the income the section seems to have no effect; so that we appear to be required to find him so taxable and then relieve him as to years earlier than 1943 upon a proper showing made. The sparse facts indicated in this case appear possibly to justify such relief. Assuming, as we did in W. G. Cartinhour, 3 T. C. 482, 493, that the parties will be able to agree upon the application of the new legislation, I concur in the result. Leech and Hill, JJ., agree with the above. 01 course on the subject of broad powers of management and their insufficiency to cause taxation to trustor the Aver case offers authority, hut in that respect requires no reestablishment.